UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KORYION GIBBS (aka "Buckz"),<br><br>Defendant. | ) | No. S1-4:24-CR-00475-2 CMS |

**GUILTY-PLEA AGREEMENT**

COME NOW the parties and hereby agree as follows:

## 1. PARTIES

The parties are Defendant Koryion Gibbs, represented by defense counsel Bryan C. Edwards, and the United States of America ("the Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

## 2. GUILTY PLEA

**A. The Plea:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for Defendant's voluntary plea of guilty to Count Seven and the lesser included offense to Count Eight, distribution of more than 5 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and punishable under 21 U.S.C. § 841(b)(1)(B)(viii), of the Superseding Indictment, the Government agrees to move for the dismissal as to Defendant of Count One and Two at the time of sentencing. Moreover, the Government agrees that no further federal

prosecution will be brought in this District relative to Defendant's violations of federal law, known to the Government at this time, arising out of the events set forth in the Indictment.

**B. The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that the Government shall not request a sentence above the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, 18 U.S.C. § 3553, or any other provision or rule of law not addressed herein. Defendant remains free to recommend whatever sentence he deems appropriate. The parties understand that the Court is neither a party to, nor bound by, the Guidelines recommendations agreed to in this document.

**3. ELEMENTS**

**A. Count Seven:** As to Count Seven, Defendant admits to knowingly violating 21 U.S.C. § 841(a)(1), admits there is a factual basis for the plea, and fully understands that the elements of the crime are as follows:

**(i)** On or about November 7, 2024, Defendant intentionally distributed a mixture or substance containing a detectable amount of heroin, a Schedule II controlled substance; and

**(ii)** At the time of the distribution, Defendant knew that he was in possession of a mixture or substance containing a detectable amount of heroin.

**B. Count Eight:** As to the lesser included offense in Count Eight, Defendant admits to knowingly violating 21 U.S.C. § 841(a)(1), admits there is a factual basis for the plea, and fully understands that the elements of the crime are as follows:

**(i)** On or about November 14, 2024, Defendant intentionally distributed more than 5 grams of actual methamphetamine, a Schedule II controlled substance; and

**(ii)** At the time of the distribution, Defendant knew that he was in possession of methamphetamine.

## 4. FACTS

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to U.S.S.G. § 1B1.3.

Beginning in May 2024, investigators with the Drug Enforcement Administration and the St. Louis County Police Department identified Defendant Koryion Gibbs as an associate of members a drug trafficking organization who were distributing fentanyl and methamphetamine throughout the St. Louis metropolitan area, within the Eastern District of Missouri.

On July 11, 2024, an investigator acting in an undercover capacity ("the UC") contacted co-defendant Maurice Adkins and arranged to buy fentanyl. Co-defendant Adkins directed the UC to Sam's Market located in the 9800 block of Halls Ferry Road in St. Louis County. There, co-defendant Adkins arrived in a white Chevrolet Silverado in which Defendant was the front seat passenger. While on the lot, Defendant obtained a baggie that included 325 capsules containing what later lab analysis determined to be an aggregate amount of 21.7 grams of fentanyl from co-defendant Adkins and passed it to the UC. In exchange, the UC provided Defendant with $550.

Then, in November 2024, the investigators began purchasing controlled substances directly from Defendant utilizing another UC.

<u>November 7, 2024 Distribution of Heroin</u>

As reflected in Count Seven, on November 7, 2024, the UC contacted Defendant and arranged to buy fentanyl. Defendant directed the UC to the 5500 block of Palm Street in the City of St. Louis. There, investigators conducting surveillance observed Defendant and co-defendant Male'k Richardson standing near the back door of the residence at 5550 Natural Bridge. As the

UC arrived and parked in the 5500 block of Palm Street, co-defendant Richardson walked from the rear of 5550 Natural Bridge to the 5500 block of Palm Street, scanned the area for law enforcement, and then returned to and entered 5550 Natural Bridge through the rear door. Defendant then walked out of the back door of 5550 Natural Bridge, approached the UC, and sold the UC a Ziploc baggie that included 161 capsules containing what later lab analysis determined to be a mixture or substance containing heroin and fentanyl in the aggregate amount of 9.68 grams in exchange for $300.

November 14, 2024 Distribution of Actual Methamphetamine and Fentanyl

As reflected in Count Eight, on November 7, 2024, the UC contacted Defendant and arranged to buy methamphetamine and fentanyl. Defendant again directed the UC to the 5500 block of Palm Street. There, Defendant walked out of the back door of 5550 Natural Bridge, approached the UC, and sold the UC: (1) a baggie containing 82.92 grams of a substance that later lab analysis determined to be actual methamphetamine; and (2) a baggie including 113 capsules containing what later lab analysis determined to be 7.02 grams of fentanyl, all in exchange for $575.

## 5. STATUTORY PENALTIES

A. **Statutory Penalties:** Defendant fully understands that the maximum possible penalties provided by law for the crimes to which Defendant is pleading guilty are:

(i) **Count Seven:** imprisonment of not more than 20 years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court shall impose a period of supervised release of at least 3 years.

(ii) **Count Eight:** imprisonment of not less than 5 years, but not more than ~~life~~ 40 years, ~~consecutive to any other sentence imposed;~~ a fine of not more than ~~$250,000~~ $5,000,000; or both such imprisonment and fine. The Court also may impose a period of supervised release of ~~not more than~~ at least ~~5~~ 4 years. **Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of 5 years ~~consecutive to any other sentence imposed.~~**

6. **U.S. SENTENCING GUIDELINES (2025 MANUAL)**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A. **Chapter 2 Offense Conduct**

**COUNTS SEVEN AND EIGHT**
**(Distribution of Heroin and Actual Methamphetamine)**

(i) **Chapter 2 Offense Conduct**

(a) **Base Offense Level:** The parties agree that Defendant is accountable for distributing 9.68 grams of heroin, 82.92 grams of actual methamphetamine, and 28.72 grams of fentanyl, all Schedule II controlled substances. The parties further agree that the total amount of controlled substances distributed by Defendant are, in the aggregate, at least 1,000 kg but less than 3,000 kg of converted drug weight, resulting in a Base Offense Level of 30, as found in U.S.S.G. § 2D1.1(c)(5).

(b) **Specific Offense Characteristics:** The parties agree that at this time there are no known Specific Offense Characteristics that apply.

**(ii) Chapter 3 and 4 Adjustments**

**(a) Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The parties further agree that Defendant's eligibility for this reduction is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the Government subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility, including criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**B. Estimated Total Offense Level:** Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

**(i) Counts Seven and Eight:** The parties agree that the Total Offense Level for Counts Seven and Eight is 27.

**C. Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the

Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

**D. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

**A. Appeal:** Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under 18 U.S.C. § 3742.

**i. Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including any issues relating to pretrial motions, discovery and the guilty plea.

**ii. Sentencing Issues:** The parties agree to waive the right to appeal all sentencing issues except those related to: (1) application of Sentencing Guideline offense-level adjustments (including those based on criminal history) not specifically set forth in the plea agreement or non-application of adjustments specifically set forth in the agreement; (2) calculation of the defendant's criminal history category; or (3) substantive reasonableness of the sentence—above the Guideline range ultimately determined by the Court for appeals taken by the defendant, or below that range for appeals taken by the Government.

**B. Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C. Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, *see* 5 U.S.C. § 522, or the Privacy Act, *see* 5 U.S.C. § 552(a).

**8. <u>OTHER</u>**

**A. Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the Government to take any civil, tax, immigration/deportation or administrative action against Defendant.

**C. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in 18 U.S.C. § 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

**D. Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E. Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of 18 U.S.C. § 3143.

**F. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G. Forfeiture:** Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. Defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, Defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

Defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to Defendant when it is issued and will be part of the sentence. Defendant agrees not to

object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. Defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. Defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that Defendant was not given adequate notice of forfeiture in the charging instrument.

**9. ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, such as motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the Government's case and any defenses.

**10. <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT</u>**

This document constitutes the entire agreement between Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

**11. <u>CONSEQUENCES OF POST-PLEA MISCONDUCT</u>**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in

its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement that deal with charges the Government agrees to dismiss or not to bring.

06.15.2026
Date

Matthew A. Martin
Assistant United States Attorney

6/15/26
Date

Koryion Gibbs
Defendant

6/15/26
Date

Bryan C. Edwards
Attorney for Defendant